## SNOWDEN, *et al.* vs. THOMAS, *et ux.*

JUNE.

APPEAL from the Court of Chancery. The bill was filed by the appellees on the 1st of January 1807. It is stated that one *Richard Snowden* being seized of the *Patuxent* iron works, &c. devised them to his three sons *John, Thomas* and *Samuel,* subject to the dower of his wife *Elizabeth.* The iron works were carried on after the death of the devisor by the widow and three sons, until the death of *Thomas,* which happened previous to 1772. He devised his interest to his three sons *Richard, Henry* and *Thomas,* as joint tenants. After the death of the last devisor the works were carried on in the name of the widow of *Richard,* his two sons, and the devisees of *Thomas,* until the death of *Elizabeth,* the widow, in 1772. After her death they were carried on by the two sons of *Richard,* and the devisees of their brother *Thomas,* till the latter part of 1772, when *Richard* died leaving a widow, *Elizabeth,* and an only child, *Mary,* one of the complainants. The estate of *Richard* was administered on by his widow. At the death of the last named *Richard,* a balance was due to him from the partnership of £317 16 9, as appears by the books of the company. *Henry* died soon after his brother *Richard,* leaving his estate to his brother *Thomas.* Soon after the death of *Richard,* the father of the complainant *Mary,* his widow *Elizabeth* married one *Orme,* who soon afterwards died leaving no issue, and in 1775 his widow died leaving the

A and B having partnership transactions of several years standing, it appeared by their partnership books that A was indebted to B £807 77 in 1773. £749 81 in 1778, and £374 06 in 17-3, amounting to £1221 64. In 1794 A pays to B £1221 10, refusing to pay any interest, and B gave him a receipt in full of all claims. B files his bill in chancery in 1807 against A, to recover the interest—*Decreed* that the interest was recoverable.

1818.

Snowden
vs
Thomas

complainant, *Mary*, her only child, to whom she left her estate, making *Thomas Snowden*, her executor, and also guardian of *Mary*, the complainant. At the time of the death of Mrs. *Orme*, there was due to her, from the partnership of *Samuel, John* and *Thomas Snowden*, in her own right, and as administratrix of her husband *Richard Snowden*,, a further sum of £140 5 5. The complainant, *John C. Thomas*, intermarried with the complainant, *Mary*, in 1788. In 1794 the complainant received from *Samuel, John* and *Thomas Snowden*, by the hands of *Thomas Snowden*, £457 18 3, in part payment of the sum due as aforesaid. That *John* and *Samuel*, although they admitted that sum to be due, yet they refused to pay interest, because the money was not demanded. The bill also stated the death of *Samuel*, and who are his executors, and also the death of *Thomas*, with whose executors the complainants have had a settlement, and have been satisfied by them one third part of the balance due on the said sums for principal and interest, the remaining two-thirds being still due. The complainant, *John*, is the administrator *de bonis non* of the first named *Richard* and *Elizabeth Orme*. The bill was filed against *John Snowden*, and the executors of *Samuel* and *Thomas Snowden*. The answer of the executors of *Samuel* states the payment made by *Thomas Snowden*, in behalf of the company, to the complainant, *John*, in 1794, of £457 18 3, and his taking the complainants' receipt in full of all claims. That after this the company settled their accounts, under the impression that the debt had been fully paid, and distributed the partnership effects, and insisted that this ought to be conclusive. *John Snowden* having also died, a bill of revivor was filed against his administrators. On the coming in of the answers of the several defendants, a commission issued to take testimony, which was taken and returned. The auditor being directed to state an account, reported one charging the defendants with balances due on the books of the company, viz.

| | |
|---|---|
| 1773, June 24th, Due to *Richard Snowden*, | 97 77 |
| 1778, April 18, Due to ditto, | 749 81 |
| 1783. Dec. 24, Due to *Elizabeth Orme*, | 374 06 |
| 1794, Feb. 1, Interest on the above sums from the respective dates above mentioned, | 1059 05 |
| | $2280 69 |
| 1794, Feb. 1, Crediting a payment of | $1221 10 |
| Leaving a balance of | 1059 59 |
| | $2280 69 |
| 1806, Feb. 1, Charging the balance due, | 1059 59 |
| Interest from the 1st of Feb. 1794, | 762 91 |
| | $1822 50 |

| | | |
|---|---|---|
| Crediting so much paid by *T. Snowden's* executors for their one third part, | 607 50 | |
| Balance due from the other defendants, | $1215 00 | |

KILTY, Chancellor. (September Term 1816.) The proceedings will show the decree to account, by consent. A report has been made by the auditor under that decree, to which exceptions have been filed, but they go chiefly to the equity reserved on the decree.

In the case of *Dixon vs Parkes,* 1 *Esp. Rep* 110, cited by the counsel of the defendants, Lord *Kenyon* ruled that the plaintiff could not, in the then form of action, recover the interest, having received the principal. But the reason given is more technical than just, to wit, that there must be something to support the interest given in the form of damages, and that there could be no verdict for the principal, that having been paid.

I am not satisfied, from any decisions in courts of equity, that when an account of personal estate is demanded, and payment of a book account, this rule has been or ought to be adopted, unless the evidence showed a receipt of the amount of the principal in full, with an intention or agreement to give up the interest. And there is no such evidence in this case. The account stated by the auditor appears to have been made out according to the usual course of the court. And it has not been shown to be otherwise, supposing the objections, on account of the rule of law, not to prevail.

The balance is claimed from the defendants, the executors of *S. Snowden,* and the administrators of *J. Snowden,* equally. *Decreed,* that the administrators of *J. Snowden* pay to the complainants $607 50, with interest thereon from the 1st of February 1806. And that the executors of *S. Snowden* pay to the complainants a similar sum, with interest as above. Assets in their hands being admitted. That the other defendants, executors of *T. Snowden,* be hence dismissed. From this decree the administrators of *J. Snowden* appealed to this court.

The cause was argued before BUCHANAN, EARLE, JOHNSON, MARTIN, and DORSEY, J.

*Magruder* and *Ridout,* for the Appellants. The question is, Whether the complainants are entitled to interest on a sum of money, the principal being paid as early as 1794? They cited *Proctor vs. Cooper, Prec in Chan.* 116, *Waring vs. Curliffe,* 1 *Ves. jr.* 99. *Brown vs. Barkham,* 1 *P. Wms.* 652. *Trelawney vs. Thomas,* 1 *H. Blk. Rep.* 303. *Blaney vs Hendrick,* 3 *Wils.* 206. *Dixon vs Parkes,* 1 *Esp. Rep.* 110. *Tillotson vs. Preston,* 3 *Johns. Rep.*

1818.

Marine Bank
vs
Biays

229. *Parker vs. Hutchinson*, 3 *Ves.* 135; and *Upton vs. Ferrers*, 5 *Ves.* 803.

No Counsel appeared for the Appellees.

DECREE AFFIRMED.