ELIZABETH SELLMAN *vs.* RICHARD BOWEN.—*June,* 1836.

In an action at law for dower against the alienee of the demandant's husband, the defendant pleaded the non-seizure of the husband during the coverture. The verdict on that issue and the judgment was for the demandant. Upon a bill in equity between the same parties, to recover mesne profits, *it was held,* that the proceedings at law were conclusive evidence of the seizin of the demandant's husband, and evidence that in the first proceeding, her marriage was admitted.

General reputation, cohabitation and acknowledgment are sufficient evidence of marriage in all cases, except in actions for criminal conversation and in prosecutions for bigamy.

In ordinary applications to equity for a decree for dower, and for rents and profits, where the seizin of the husband is denied, it is the course of that court to send the parties to law, to litigate the legal question, while in the meantime, they retain the bill.

The case of *Steyger and Hillen,* 5 *Gill and John.* 133, explained, in relation to recovery of damages from the alienee of demandant's husband.

A widow can only, in equity, recover damages from the alienee of her husband, for the detention of her dower. A court of law cannot award them.

The alienee of a husband seized of land, after the husband's death, who receives the rents and profits, is considered in equity as a trustee or bailiff to the extent of the widow's claim for dower, and cannot defeat the claim for mesne profits by pleading limitations.

A widow who sues the alienee of her husband, at law for dower, may after her recovery, then sue him in equity for rents and profits.

Rents and profits are decreed to the widow of one seized during coverture, as against his alienee, from the time of *demand made* by the widow, and are estimated according to the improved value of the premises and from the time the improvements, if any, were made.

APPEAL from *Chancery.*

The appellant in December, 1832, filed her bill in the court of Chancery, to recover from the appellee, the alienee of her husband, (who died in 1817,) a portion of the rents and profits of a lot in the *City of Baltimore,* of which she alleged her late husband had been seized during the coverture. The bill charged and it was in proof, that after the death of her husband, she had recovered her dower in the property in question by a proceeding in the *Baltimore* county court; but as her husband did *not* die seized, she alleged, that no judgment could be had at law for the rents and profits, which it was the object of this bill to recover from the period of his death.

The answer denied the seizin of the husband; put the complainant to the proof of the marriage; and insisted, that her laches and neglect, in not making her demand earlier, in consequence of which, the defendant had been induced to expend large sums of money on the premises, had deprived her of all right to call for an account of the rents and profits, if she ever had any. It also relied upon the plea of the statute of limitations, and the proceedings in *Baltimore* county court, which court the defendant insisted, was competent to grant all the relief sought by the present bill.

A number of witnesses were examined in reference to the seizin of the husband, the marriage, and the value of the rents and profits from the death of the husband, after which the Chancellor, (*Bland*) at March term, 1835, dismissed the complainant's bill with costs.

From this decree the complainant appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J. and STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, Judges.

GLENN and SPEED, for the appellant, contended:

1. That the parol evidence, independently of the proceedings in *Baltimore* county court, (which themselves are con-

clusive upon the questions,) abundantly prove both the seizin and marriage. But admitting that a doubt might be raised if the case rested upon the parol proof alone, the evidence furnished by the record of the recovery in *Baltimore* county court, is altogether conclusive. That judgment was between the same parties, and involved the very questions of coverture and seizin. It is as conclusive in its influence upon this case, as would be a judgment in ejectment, in a subsequent action for the mesne profits. *Fenton vs. Reed,* 4 *John. Rep.* 54. 8 *Wend.* 661. The parol evidence is of general reputation and cohabitation, which is sufficient proof of marriage, except in cases of bigamy and *crim. con.*

2. Limitations are no bar to the present proceeding, because no such impediment could be interposed to an action of dower. If the principal, the dower, cannot be barred, how can the incidental right to the profits. *Steiger vs. Hillen,* 5 *Gill and John.* 133. 8 *Wend.* 661. *Wells vs. Beall,* 2 *Gill and John.* 468. 1 *Roper on Property,* 466, 467, 468, 469.

3. The judgment of the *Baltimore* county court, presents no defence to the present proceeding, as that court could not have given the relief sought by this bill. By the common law, the courts could not give damages in actions of dower. The jurisdiction for that purpose was conferred upon them by the statute of *Merton,* which is applicable only to those cases in which the husband *dies seized.* *Doctor and Student,* 141. 2 *Bac. Abr.* 392, (*dower.*) *Park. on Dower,* 301, 302, 307. *Roper on Prop.* 433, &c. 4 *Kent Com.* 65.

If the want of jurisdiction in the county court had been even doubtful, a court of equity having undoubted jurisdiction will give relief. *King vs. Baldwin,* 17 *John. Rep.* 384, 388, 389. That courts of equity have jurisdiction in cases of this description, cannot be disputed. *Mitf. P.* 110, 111. 1 *Fonb. Eq.* 19, 20. *Hale vs. James,* 6 *John. Ch. R.* 258. 3 *Dessau,* 535. In regard to the defence urged upon the ground of the staleness of the demand, they insisted, that the proof established a demand as early as 1817, soon after the

death of the husband. No such proof however, was necessary; the case of *Steiger vs. Hillen,* having decided, that the claim may be preferred at any time during the life of the widow.

RANDALL, for the appellee.

1. In a bill for rents and profits, the widow must show such a seizin, as would entitle her to dower in the property itself. No inferior grade of proof will be sufficient; and she must also prove a marriage in fact, and cannot recover upon mere evidence of general reputation and cohabitation. 1 *Saund. Pl. and Ev.* 485.

2. The proceeding in the *Baltimore* county court is an insuperable bar to a recovery here. The writ in that case, was a writ for dower and damages, of which the court had full jurisdiction. The complainant submitted her cause to that court, and its judgment consequently is final. Dower is a legal demand, and the courts of Chancery only assumed jurisdiction, to obviate certain difficulties, inseparable from legal proceedings. The two courts now have concurrent jurisdiction in cases of dower, and there is no difficulty in the recovery of damages in the legal forum, even against the alienee of the husband. 11 *Law Lib.* 138. *Park on Dower,* 302. *Steiger vs. Hillen,* 5 *Gill and John.* 133. When the husband has aliened, the widow can only recover damages from the date of her demand, either at law or in equity. 11 *Law Lib.* 152. *Park,* 332. 4 *Kent Com.* 65. The two courts having concurrent jurisdiction, and the plaintiff in this case having separated the *corpus,* the dower, from the accessary, the rents and profits, cannot now recover the latter. 11 *Law Lib.* 142. *Park,* 310. *Pre. in Ch.* 97. *Wilson vs. Gott,* 6 *Gill and John.* 309. In all the cases in which rents and profits have been decreed, the bill has associated with them a claim for dower. The separate recovery of each, leads to a multiplicity of actions, and should, for that reason be discountenanced.

3. The plea of limitations is a bar to this bill. The cases in which the courts have repudiated the plea, are cases in which both *dower*, and rents, and profits have been claimed. The claim for the latter is protected, because of its connection with the former, that being a subject to which limitations are inapplicable.  But when they are disconnected, the claim for rents and profits falls within the scope of the statute.   4 *Kent Com.* 69.   In every case of a bill to account limitations are a bar.   3 *Dessau,* 535.   *Steiger vs. Hillen,* 5 *Gill and John.* 133.

ARCHER, Judge, delivered the opinion of the court.

The complainant having recovered her dower at law, seeks by this bill the rents and profits from the death of her husband.

The seizin of the husband is denied ; and the defendant puts the complainant to the proof, not only of the seizin, but the marriage.

The complainant anterior to the filing of this bill to recover rents and profits, had instituted suit in *Baltimore* county court, for her dower.   In this suit the seizin of the husband was directly in issue, and the marriage by not being denied, was admitted.  The verdict and judgment in that cause, being between the same parties, where the same issue was in controversy must at all events, as to the seizin, be considered in this controversy as conclusive ; and as the demandant in the suit at law, could not have recovered without proof of marriage, or its admission, the effect of the record perhaps, ought to be considered as equally conclusive of the marriage as the seizin ; the marriage not having been denied, but the cause being put to the jury on the issue of seizin. But without proceeding to any determination upon this branch of the subject, the proof of marriage in the record before us is abundant ; if general reputation, cohabitation, and acknowledgment, can in such a case be considered as evidence, and of this we have no doubt.   Such evidence is sufficient in all cases except in actions for criminal conversation, and in

prosecutions for bigamy. *Morris vs. Miller,* 1 *Wm. Black. Rep.* 632.

In ordinary applications to equity for a decree for dower, and rents and profits, when the seizin of the husband is denied, it is the course of this court to send the parties to law, to litigate the legal question, while in the meantime they retain the bill.

Between these parties however, before the filing of this bill, the legal right had been tried and settled, and every question had been adjudicated by a court of common law, which in any shape the cause could assume, would fall within their peculiar cognizance.

The complainant therefore meets with but three difficulties in addition to those above adverted to, in the recovery of the rents and profits which have been withheld from her.

1. It is supposed that having sued for her dower at law, she might there have recovered her damages, and having failed to recover them at law, she has lost them every where. If there exist a right to recover damages at law, and the plaintiff at law failed to recover them, looking to the state of the record, it is probable that the matter must be considered as *res adjudicata,* and that it cannot form the subject of a new litigation, but the judgment already passed has foreclosed the plaintiff. It must be conceded, that in the case of *Steiger and Hillen,* 5 *Gill and John.* 133, countenance is given to the doctrine that *at law,* the widow may recover from an alienee of the husband her damages. The suggestion was not necessary to the determination of that case, and having been fully discussed in this case, and the doctrine more deliberately examined, we have brought our minds to the conclusion, that it is only in a court of equity that the rule will apply, that a widow is entitled to her damages from the alienee of her husband, and that consequently, a court of equity is the only and peculiar forum for their recovery in such a case. The following authorities would appear conclusively to establish the doctrine. *Doctor and Student,* 140. 141. *Roper on Prop.* 435, 443. 2 *John. Rep.* 119. *Jenkin's Cent.* 1 *Ch.* 85. *Park. on Dower,* 391.

2. That the rents and profits are but incidents of the right to dower, and the dower having been recovered at law, the bill from the incidents cannot be maintained without having the support which they would derive from an application at the same time for the principal. If it be true, that the widow could not have recovered them at law in this case, and that for the dower itself, courts at law and equity have concurrent jurisdiction, the result of such a principle, would in all cases be to defeat the widow of her damages, where she pursues her remedy at law; and such a doctrine would be attended with this further result, that in all such cases, the jurisdiction of the courts of law, of the principal (the dower) would be practically ousted, for no one would ever go to law to recover her claim to dower, when she is to be pursued with the inevitable penalty of a loss of rents and profits. An argument leading to such consequences cannot be maintained. Besides the respondent who is the recipient of the rents and profits; of that which in fact belonged to the wife, ought to be, and is considered in the mind of the court of equity as a trustee, or bailiff, and accountable for his stewardship, and it cannot be perceived how with any legal propriety, the compulsory recovery of the principal which has been unjustly withheld, should produce the effect of stripping the defendant of his character of trustee, with which he had been clothed, in order to enable a court of equity to do justice, when the same reason precisely ought to continue after the recovery of dower as before. A widow may expressly, or by implication waive her right to rents and profits, but certainly a recovery at law to the extent to which she could recover, cannot be considered as waiver of any thing.

3. It is supposed that the complainant is barred by limitations. Had she pursued her claim, both for dower, and for rents and profits in a court of equity, she would not have been barred, and we understand this to have been conceded in the argument. But if it were not conceded, it is established by authority. Mesne profits as damages, are given at law under the statute of *Merton*, without restriction as to

time, and when they are decreed in equity to the widow, the like account will be taken; courts of equity applying limitations only, in analogy to limitations at law. *Roper on Prop.* 448. In 9 *Ves.* 222, after the lapse of twelve years' rents and profits were decreed, the master of the rolls observing, that there was no reason for depriving her of the account, if she was not barred at law.

Shall then the circumstance of her having sued at law for her dower, and in equity afterwards for her rents and profits make any difference in this respect? We think not. The character of the claim, and all the legal principles which might go to support or defeat it remain unchanged, and ought to be applied to it, when presented to the court in this isolated shape, as would attach to it, when combined with a claim for dower.

The decree of the Chancellor is reversed with costs, and this court, when an account shall be prepared by an auditor to be appointed by this court, will decree rents and profits from the time of the demand proven in the cause; which rents and profits are to be estimated according to the improved value of the premises, from the time the improvements were made.

**DECREE REVERSED WITH COSTS IN BOTH COURTS.**