|  |  |
|---|---|
| ELIZA M. KIDDALL<br>vs.<br>WILLIAM TRIMBLE, SUR-<br>VIVING EXECUTOR OF<br>JANE JACOB. | DECEMBER TERM, 1847. |

[DOWER—MESNE PROFITS—JURISDICTION—LIMITATIONS.]

THERE can be no doubt, that when the husband died seized, a court of law has full power to compensate the widow in damages for the detention of her dower.

But a court of equity, alone, has power to give the widow damages for the detention of her dower as against the alienee of the husband.

The jurisdiction of courts of equity, in cases of dower, is concurrent with that of courts of law; and if the legal title to dower be admitted or settled, equity will proceed to the assignment of the dower, and will also compensate the widow in damages for its detention.

If the widow die without demanding her dower, the executor cannot recover the rents and profits : the cases having only gone to the extent of entertaining a bill for the profits, where the widow dies, pending her bill for dower.

Whilst the suit for rents and profits was depending in a court of law, the plaintiff voluntarily aliened the legal estate out of which the profits sprung, and the direction of the court to the jury being generally, "that the plaintiff was not entitled to recover," it was HELD—

That the court may have been of opinion, that, as the damages, which are given for the detention of the dower, are regarded as consequential or accessory, they could not be separately demanded.

Had the action at law been for the dower itself, instead of being for the rents and profits of the land withheld from the widow, her alienation pending that suit, would have been an effectual bar to her recovery.

The proper form of action by which these profits, as damages, may be recovered, is an action of trespass, as *mesne* profits are sued for, after a recovery in ejectment.

The plaintiff having sued for these rents and profits at law, and having failed to recover them there, the question as to them must be regarded as *res adjudicata*. They cannot form the subject of a new litigation—the judgment at law having foreclosed the plaintiff.

The title to the land itself must be first vindicated, before a claim for the fruits can be admitted, and a bill for the rents and profits would be premature, until the dower itself is recovered.

The statute of limitations does not apply to the wife's remedy, by action, for her dower, though it does not follow, that lapse of time may not operate as a bar to a bill for an account.

———

[William Jacob, of the city of Baltimore, being seized and possessed of certain real estate in said city, departed this life on the fifteenth day of July, in the year 1804, leaving his wife Jane Jacob surviving him ; who took possession of said real estate, under the mistaken impression that she had a life estate therein, and continued to hold the same until her death, which occurred on the 19th July, 1837. He had issue by his said wife, a daughter, named Mary, who died before him, and who, in her lifetime had intermarried with a certain Thorndick Chase, by whom she had issue three children, William, Anne and Maria, all of whom were living at the death of their grandfather. William intermarried with the complainant in the year 1807, and died in 1809, leaving issue a daughter named Maria, who died in infancy ; and his widow, the complainant, afterwards married John Kiddall who also died. Maria Chase married Samuel Handy, and died before her brother William, without

issue, whereby he became entitled to one-half of his grand-father's estate. Anna Chase, since deceased, married James Belt, and had issue, a daughter, named Jane I. Belt, who married George H. De la Roche, and to whom the complainant, in the year 1839, sold all her dower interest in the lands to which her deceased husband, William Chase, had been entitled. Jane Jacob left a will, by which William Trimble was appointed her executor; in whose hands, after paying all her debts, there remained the sum of $4,655 90. In the year 1838, the complainant instituted in Baltimore County Court, an action on the case against William Trimble, surviving executor of Jane Jacob, for one-third of the rents and profits of the estate, to which her husband was entitled, from his death, to the death of said Jane Jacob; to which *non assumpsit* was pleaded, and upon which judgment was rendered against the plaintiff, in the year 1841. She then brought suit in this court upon the same cause of action, against the same defendant; who set up by way of defence, the said judgment; the sale to Jane I. De la Roche; the absence of any demand of dower, except by the suit in Baltimore County Court; and the plea of limitations.

The case having been argued before the Chancellor, he delivered the following opinion :]

THE CHANCELLOR :

The bill in this case, then, is, to recover a proportion of the rents and profits of certain real estate, in which the complainant claimed dower, upon the allegation that her late husband, William I. Chase, died seized thereof. And there can be no doubt, assuming such to be the case, that a court of law was competent to give her damages for the detention of her dower. The statute of Merton, when the husband dies seized, giving the wife damages equal to the value of the dower, from the time of the death of the husband. 4 *Kent Com.*, 65; *Park on Dower*, 302.

It was supposed at one time, and indeed the impression was strengthened by what fell from the Court of Appeals, in the case of *Steiger's administrator* vs. *Hillen*, 5 *G. & J.*, 133, that

13

a widow could recover at law damages for the detention of her dower against the alienee of her husband, though in such a case, the recovery would not go back to the death of the husband, but only to the demand and refusal.   But in the subsequent case of *Sellman* vs. *Bowen*, 8 *G. & J.* 50, upon a more full consideration of the subject, and review of the authorities, the same court came to the conclusion, that a Court of Equity alone was competent to give the widow damages for the detention of her dower, as against the alienee of the husband.   It is, however, unquestionable, that when the husband *died* seized, a court of law has full power to compensate the widow in damages for the detention of her dower.   In truth, it was questioned at one time, whether courts of equity could entertain general jurisdiction in cases of dower, to give full relief in those cases where there appeared to be no obstacle to the legal remedy, though upon a thorough examination of the subject, the jurisdiction of chancery is fully established, both as to the assignment of dower, and the damages.   The jurisdiction is concurrent with courts of law, and if the legal title to dower be admitted, or settled, equity will proceed to the assignment of the dower, and will also compensate the widow in damages for its detention.   1 *Story Eq. sec.*, 624 ; 4 *Kent Com.*, 71, 72.

The Baltimore County Court, then, having, upon the statement of this bill that the husband died seized, at least a concurrent jurisdiction with this court, it becomes a grave question, how far, after having sued in that court to recover damages for the detention of her dower, the plaintiff, failing there, can be permitted to come here and ask the same relief.   The record in this case does not show upon what ground the County Court decided against the plaintiff, the instruction of the court to the jury being general, "that the plaintiff was not entitled to recover ;" and it is argued by the complainant's council in this case, that this instruction must have been founded upon a want of jurisdiction in the court of law over the subject of the suit.

This, however, by no means follows.   At all events, in the absence of the reasons of the court for the instruction against

the plaintiff, it would not be difficult to imagine other grounds than the want of jurisdiction. We have seen, that whilst that suit was depending, to wit, on the 8th of April, 1839, the plaintiff sold and conveyed to another, her dower interest in the lands in question; and although it may be true, as argued by the solicitor of the complainant, that this deed transferred merely her interest in the land, and not her right to the antecedent rents and profits, it is yet possible that it may have been thought that a transfer of the legal estate out of which the profits arose, carried with it, or extinguished the claim to the profits themselves. It seems to be settled, that if the widow die without demanding her dower, the executor cannot recover the rents and profits; the cases having only gone to the extent of entertaining a bill for the profits where the widow dies, pending her bill for dower. Under such circumstances, the Court of Appeals say, in the case of Steiger vs. Hillen, the representatives of the widow may, in equity, be allowed the rents and profits, with this exception, "where the legal estate, out of which the profits are to spring, is gone, the claim to such profits falls with it," unless under particular circumstances such as are adverted to in that case.

Now, in this case, whilst the suit was depending in Baltimore County Court, for these rents and profits, there was a voluntary alienation of the legal estate out of which the profits sprung—that is, the principal was parted with, and it may be, that the court thought, the principal being gone, the incident—the profits—fell with it. The damages which are given for the detention of the dower, are regarded as consequential or accessory, and the County Court may have been of opinion, that they could not be separately demanded. Cases can certainly be found in which it has been decided, that the claim for mesne profits cannot be supported, when the property, in respect of which they were claimed, had been parted with. It is very certain, that if the action in the County Court, instead of being for the rents and profits of the land withheld from the widow, had been for the dower itself, her deed of the 8th of April, 1839, would have been an effectual bar to her recovery; and

hence the County Court may have concluded, that as the plaintiff's title to recover the land from which the profits were derived, had been extinguished, by her own voluntary act, the consequential, or accessorial right to the profits necessarily fell also.

The judgment of the County Court, against the plaintiff's right to recover, may have been placed upon another ground wholly distinct from the question of jurisdiction. The action, as has been stated, was for money had and received to the plaintiff's use, and not trespass for the *mesne* profits. Now, it may be, that the court thought *the form* of the remedy had been misconceived. The statute of Merton gives these profits as damages, and they are to be recovered by action of trespass, as such profits are sued for, after a recovery in ejectment. The County Court may then have been of opinion that the action was misconceived, and, for that reason, have instructed the jury adversely to the plaintiff, and not, as has been suggested, for want of jurisdiction. *Stockett* vs. *Watkins*, 2 *Gill & Johns.*, 326. Now, if this was the case, and the plaintiff failed in her action at law, because she had mistaken the form of the remedy, and not because the tribunal to which she appealed was incompetent to relieve her in a different form, it can scarcely be offered as an answer, when the effect of that judgment (being the judgment, in the case supposed, of a court of competent jurisdiction) is pressed as a reason why the defendant should not be impleaded again in a different court, for the same cause.

For these reasons, I am strongly inclined to the opinion, that as the plaintiff sued for these rents and profits at law, and failed to recover them there, the question as to them, must, in the language of the Court of Appeals in Sellman vs. Bowen, be regarded as *res adjudicata*, "that they cannot form the subject of a new litigation, the judgment which has already passed, having foreclosed the plaintiff."

There is besides another objection, which strikes me as of great force. This bill was filed on the 2d of November, 1841, and is to recover the rents and profits of land, her title to which, the complainant, on the 8th of April, 1839, transferred by her

deed to another.   There certainly seems much difficulty in maintaining, that even in a court of equity, and independently of the previous unsuccessful proceeding at law, a party can, after transferring his right to the principal, recover the accessory.

In the case of *Norton* vs. *Tucker*, 1 *Atk.*, 525, it was decided, that a bill for an account of the rents and profits was improper and premature, until the possession of the property was recovered, and that the proceeding in equity was the same as at law, where trespass would not lie for mesne profits, till possession was recovered by ejectment.   Now, if this is the rule, and a bill for the rents and profits would be premature, until the dower itself was recovered, assuming the plaintiff not to have parted with her title thereto, it is not easily seen how her condition is improved by the circumstance of her having deprived herself of the capacity to recover it.   If the title to the principal thing must be successfully asserted, before the incident can be claimed, it is immaterial whether the failure to do the former is the result of neglect, or of some act by which the party is precluded from setting up the demand.   It is enough that an indispensable preliminary act has not been performed.

In this case it will be found, that the answer of the defendant does not admit the seisin of the husband at his death, and, perhaps, if that were a question, it might be necessary to send it to a court of law for determination.   But an action could not now be maintained in a court of law for that purpose, because the complainant, by her deed, has unquestionably stripped herself of all title to dower in the land;   and, therefore, it follows, that under this bill, which does not claim dower, but only rents and profits, the court must decide upon the right of the complainant to dower.

There is a manifest propriety in the principle which requires that the title to the land itself shall be first vindicated, before a claim for the fruits can be admitted;   as otherwise, in a proceeding which involves nothing more than the claim for the accessory, the court would find itself engaged in determining upon the right to the principal.   Surely, if the title to principal and accessory are not decided at the same time, but are pre-

13*

sented separately, the adjudication upon the former should precede the latter, as otherwise, after a decision in favor of a claim for the accessory, the title of the party to the principal might be successfully disputed. There has, in this case, been no judgment establishing the complainant's claim to dower in these lands, and her title is certainly not admitted. Now, suppose the court upon this bill, should decree an account of rents and profits, and the grantee in the deed from the complainant should be defeated in the assertion of the title thereby conveyed ; it is obvious, not only that there would be conflicting judgments, but that injustice would be done to the one party or the other ; which could readily have been avoided by requiring the dower title to the first established.

The late Chancellor, in the case of *Chase* vs. *Manhardt*, 1 *Bland*, 333, decided, that if a creditor in any manner receives only the principal of his debt, so as not to relinquish his claim to the interest then due, he may afterwards recover the interest as if it were a part of the principal ; and this decision appears to be warranted by the case of *Snowden* vs. *Thomas*, 4 *H. & J.*, 335. But the receipt of the principal debt without an intention or agreement to surrender the interest, is widely different from an assignment or transfer of the principal, though such transfer may not have been designed to carry with it the interest which had accrued at the time. My impression is, it would be difficult to find a case in which a party, after an assignment of the principal debt, though he may have intended to reserve his right to the interest accrued at the time, has succeeded in recovering the interest ; and the difficulty, I am persuaded, would be quite as great, to establish by authority the right to recover the rents and profits of land, before the title to the land itself was made out, or after the questionable title had been parted with.

I am, therefore, of opinion, upon this ground, that the complainant cannot have the relief which she seeks by her bill.

No opinion is expressed upon the defence founded upon the lapse of time, and limitations.

The statute of limitations does not apply to the wife's remedy by action for her dower, though it does not follow that lapse

of time may not operate as a bar to a bill for an account; and, perhaps, if it were necessary in this case to examine into the circumstances which are relied upon as an excuse for the delay, they would not be found sufficient to account for it.

[The decree in this case was affirmed by the Court of Appeals.]