## EMALINE H. POLLITT

### v.

## HUGH KERR et al.

1. Until dower is assigned, the right of a widow in the land of her husband is a mere chose in action.

2. At law, if the demandant in an action of dower dies before judgment of seizin is executed, her right to an estate in dower is determined; if before the damages are assessed, her right to damages is gone.

3. A somewhat different rule prevails in equity. There, if the widow dies pending a bill for dower, her death does not deprive her personal representative of the arrears of dower, but he may revive the suit and recover mesne profits. But if no suit be pending in equity when the widow dies, her right to damages dies with her, and, in that case, her personal representative cannot recover mesne profits.

On hearing on petition and state of the case agreed on.

*Mr. Francis Scott*, for the complainant.

*Mr. John F. Kerr*, for the petitioners.

VAN FLEET, V. C.

This case presents but a single disputed question, and that is, can the personal representative of a widow, who dies before dower is assigned, and without having sued for her dower, maintain a suit in equity for mesne profits from the time the widow's right to dower accrued up to the time of her death? The facts out of which this question arises are the following: Farmer Hobson, in May, 1880, made a conveyance of land to Josephine Kerr without his wife; his wife refused to join in the execution of the deed; simultaneously with the execution of the deed, Hobson executed a mortgage on other land to indemnify his grantee against his wife's right to dower in the land conveyed in case she survived him; she did survive him; he died in 1885 and she in 1888; in 1885, after her husband's death, the widow made both a written and verbal demand of dower in the land conveyed; the grantee paid no attention to such demands; dower was not assigned to the widow, nor did she, during her life, bring an action to recover it. The land covered by the mortgage given for indemnity has been sold under a decree made by this court, in a suit for partition, free from the lien of the mortgage. The administrator of the widow now asks, by petition, that he be paid such sum out of the proceeds of sale of the land covered by the mortgage as is equivalent to one-third of the mesne profits of the land conveyed in 1880, from the time the widow demanded dower therein up to the time of her death.

Pollitt v. Kerr.

Where a widow is deforced of her dower, or cannot have it without suit, the rule regulating the damages which she may recover for its detention, prescribed by the statute, is this : if he died seized, she is entitled to damages from the time of his death; but if he did not die seized, then only from the time when she shall have demanded dower. The statute, in regulating the meas-ure of her damages, says that she shall recover the value of the whole dower to her belonging from the time of her husband's death if he shall die seized, or from the time of demanding dower if he was seized but shall not die seized (*Rev. p. 321* § *3*). In this case the husband did not die seized, so that if damages are recoverable at all they can only be recovered from the time when dower was demanded. Until dower is assigned, the widow's right in the land of her husband is a mere chose in action. She has no seizin in law, nor can she exercise any act of ownership over the land. Her right cannot be levied upon and sold under execution, or is it assignable at law. As was said in substance by Chief-Justice Beasley in *Wade* v. *Miller, 3 Vr. 296, 306,* all the authorities agree that, until dower has been assigned, the widow " has nothing in the land of which an estate can be predicated, and that her right is a mere chose in action."

The widow in this case having died before dower was assigned, and without having brought an action to recover dower, it is clear that at law her right to damages for its detention died with her. All the authorities agree that this is so. In *Parks* v. *Mc-Clellan, 15 Vr. 552, 553,* the supreme court, speaking by Mr. Justice Depue, said : " If she [the widow] dies before judg-ment of seizin is executed; her right to an estate in dower is determined ; if before the damages are assessed, her right to damages is gone." Judge Story says : " If the widow dies before her damages are assessed her personal representative can-not claim any." *1 Story Eq. Jur.* § *625.* And in *Park on Dower* it is said :

" If the demandant die before the damages are ascertained, the executor shall not have them, for the damages are no duty till they are ascertained; and it makes no difference that the tenant, on bringing a writ of error, had entered into a recognizance to pay damages and costs if the judgment were affirmed." *Park Dow. 309.*

The reason given for the rule is, that damages can only be given for the detention of the possession, and in writs of right, where the right itself is disputed, no damages are given, because no wrong is done until the right is determined. This is the rule at law. By force of it, it is clear that the petitioner, if he were in a court of law, would be without a right, and, consequently, without a remedy.

A somewhat more liberal rule in favor of the widow prevails in equity. The rule in equity I understand to be this: that where a widow files a bill in chancery for dower, and dies pending the suit, her personal representative may revive the suit and recover mesne profits. This is the rule that Lord Alvanley enforced in *Curtis* v. *Curtis, 2 Brown Ch. C.* 620. In that case a widow filed a bill for dower against her husband's brother. The defendant denied the fact of marriage. The court thereupon directed that the bill be retained until the widow established her right by a judgment at law. She then brought an action at law and had a recovery and then died. On a bill of revivor and supplement, Lord Alvanley held that the widow's personal representative was entitled to a decree for mesne profits. Park states the rule in equity as follows:

"We have seen that at law the widow loses her damages if the tenant dies after judgment, and before they are assessed, and, also, that if she herself dies before the damages are ascertained, her personal representative cannot claim them. But, in equity, a different rule prevails, and the court will decree an account of rents and profits against the persons who have been in possession since the death of the husband, provided that at the time when the bill is filed *the legal right to damages was not gone.*" *Park Dow. 330.*

Judge Story states the rule in almost precisely the same words. *1 Story Eq. Jur.* § *625.* The instances in which the courts have been called upon to apply the rule are but few in number, but in every instance, where it was applicable, that has come under my observation the rule has been enforced. The facts, in *Stieger's Admr.* v. *Hillen, 5 Gill & J. 121,* were identical, in substance, with those found in the case under consideration, except that there the widow and her personal representative had both been guilty of great laches. The action was by the widow's administrator for

Pollitt *v.* Kerr.

mesne profits. The widow had never brought a suit for dower, nor had her dower been set off, so that when her administrator sued, the legal right to damages was gone. Chancellor Bland, who heard the case in the first instance, declared (*p. 129*) that but for the great laches he should not have had much hesitation in pronouncing a decree in favor of the complainant, but the court of appeals, while agreeing with the chancellor that relief should be denied on the ground of laches, also said (*p. 134*): "We are not aware of any case which has gone further than to entertain a bill for rents and profits where the widow dies pending her bill for dower." And in the subsequent case of *Kiddall v. Trimble, 1 Md. Ch. 143, 147*, Chancellor Johnson said that it seemed to be settled that if the widow die without demanding her dower, her executor cannot recover rents and profits, the cases only having gone to the extent of entertaining a bill for mesne profits where the widow dies pending her bill for dower. And Chancellor Walworth, in *Johnson v. Thomas, 2 Paige 377, 383*, said that the death of the widow, pending a suit in equity for dower, did not deprive her personal representative of the arrears of dower, but that he might revive the suit for the purpose of having the right to such arrears determined by the decree of the court. But in that case the chancellor refused to pronounce a decree *nunc pro tunc* in favor of the widow, and dismissed the application of her personal representative to revive the suit.

These authorities make it plain, as I think, that the claim of the petitioner must be denied. The legal right on which his claim rests ceased to exist when the person whom he represents died, so that when he became her representative there was no legal right flowing from her right to dower which he could take.

The petition will be dismissed.