MARY E. S. WILLSON

*vs.*

J. McKENNY WILLIS AND SAMUEL P. WILLIS.

*Widows' rights: rents and profits; 21 years' delay in demand-*
*ing; explanation due.*

A woman may, by her acts *in pais,* estop herself from her
claim for dower.                                        p. 48

On a bill of complaint by a widow for an accounting for
rents and profits, etc., arising out of lands of her deceased hus-
band, it was: *Held,* that a delay of 21 years after her hus-
band's death, before making demand for her dower rights, enti-
tled the defendants to an explanation showing that the com-
plainant had not been derelict to an extent that might estop her,
at least as to a portion of her claim.                  p. 48

*Decided June 27th, 1917.*

Appeal from the Circuit Court of Talbot County. In
Equity. (ADKINS, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.

*G. L. Pendleton,* for the appellant.

*Joseph B. Seth* and *William Mason Shehan,* for the appel-
lees.

STOCKBRIDGE, J., delivered the opinion of the Court.

This case brings up for review the correctness of an order of the Circuit Court for Talbot County, in sustaining a demurrer to a bill of complaint, filed for an accounting of rents and profits arising out of certain lands of the plaintiff's deceased husband.

The allegations of the bill are exceedingly meagre. They set out the conveyance of a tract of land to William G. G. Willson on the 17th of August, 1854; the marriage of the plaintiff and Dr. Willson nineteen years later in 1873; Dr. Willson's death, twenty-one years after, in 1894, and that the plaintiff has demanded for the purpose of obtaining her dower, an accounting from the defendants of rents and profits received by them, and been refused. The plaintiff then claims $48,000, with interest, and prays for an accounting.

There is no statement in the bill of the time when a demand was made, but the bill was filed in December, 1916, and it would seem probable that the demand had not been made at a much earlier date. Apparently, therefore, the first claim that the plaintiff made to be entitled to dower was twenty-two years after the death of her husband. This long lapse of time is unusual and called for an explanation. It can not be said from the allegations of the bill whether the doctrine of laches may or may not be successfully invoked, either to the whole or some part of the claim now made. So long a delay in asserting it entitled the defendants to an explanation showing that the plaintiff had not been derelict in asserting her rights, to an extent that might operate to estop her, at least to a portion of the claim made.

That a woman may estop herself from setting up a claim for dower by acts *in pais* is settled by a long line of authorities. 9 R. C. L. 607, and cases there cited. The great preponderance of authority is to the effect that where there has been adverse possession continued for the statutory period after the husband's death, it will defeat the widow's right of dower. See cases collected in 9 R. C. L. 612.

Whether such is the rule in this State is open to question in view of the language used in *Sellman* v. *Bowen*, 8 G & J. 50. Nor is it necessary to now pass upon that question. But certainly some explanation is due to show why no demand was made until twenty-two years after Dr. Willson's death.

The bill further charges that the defendants "are now receiving the rents and profits from the said lands wrongfully and have been receiving said rents and profits for a long time."

It is urged by the counsel for the appellees that it was incumbent upon the plaintiff to go further and negative a number of possible ways in which the defendants might be lawfully in receipt of the rents. The position of the appellees in this respect is not as well taken, as upon the ground already discussed. It is probably true that the bill should have set out a seisin in Dr. Willson at the time of his marriage to the plaintiff, or at some time during the coverture of the plaintiff, but whether the land had been conveyed to the defendants with or without the joinder of the plaintiff, or whether she had by deed or contract released her claim for dower were matters of defense for the Messrs. Willis to set up.

In view of the lack of allegations in the bill of matters vital to the assertion of the plaintiff's claim, the order appealed from, which sustained the demurrer to the bill and gave the plaintiff leave to amend was correct, and will be affirmed, and case remanded with leave to amend the bill of complaint.

*Order affirmed, with costs, and case remanded with leave to amend.*