RUBY ANNA RICKWOOD *vs.* ANNA LOUISE SMITH
ET AL.

*Dower—Assignment by Metes and Bounds—Counter Claims by
Heir—Laches.*

In a suit for the assignment of dower, there being no reason to
suppose that the land was insusceptible of division, the court
had no power to make a pecuniary allowance to the widow in
lieu of dower, and by way of settlement of differences between
her and her child in regard to rents and profits from the prop-
erty and other items in dispute.                    p. 190

Unless hindered by the peculiar circumstances of the prop-
erty, or the nature of the tenancy therein, the widow has a right
to have her dower assigned in severalty by metes and bounds.
                                                    p. 190

The existence of counter claims in favor of the heir against
the widow, arising out of past transactions, out of her adminis-
tration of her husband's personal estate, and of her guardian-
ship of the heir, and out of alleged acts of waste, does not bar
the right to dower.                           pp. 189, 190

That the widow failed to ask for an assignment of her dower
while she and the heir, her daughter, together with the other
members of the family, were living on the property during the
daughter's infancy, and did so only after the daughter's ma-
jority and marriage, when it was found that a division could
not be agreed on, eighteen years after the husband's death, did
not show laches on her part.                        p. 191

*Decided June 20th, 1924.*

Appeal from the Circuit Court for Dorchester County, In
Equity (BAILEY, J.).

Bill by Ruby Anna Rickwood against Anna Louise Smith, and Ross E. Smith, her husband. From the decree rendered, plaintiff appeals. Reversed.

· The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, BOND, and PARKE, JJ.

*Frederick H. Fletcher,* with whom were *Henry & Henry* and *Fletcher & Jones* on the brief, for the appellant.

*V. Calvin Trice,* for the appellees.

BOND, J., delivered the opinion of the Court.

The appellant in 1902 married Isaac T. Crane, who was seised in fee of a farm of one hundred acres in Dorchester County. One child, the appellee, Anna Louise Smith, was born of the marriage in 1903. Isaac T. Crane, the husband and father, died in 1904, and in 1905 the mother remarried with William A. Rickwood. From the time of her first marriage and throughout the daughter's minority the appellant lived on the farm with her family, and cultivated it. During the last few years of her occupancy it was cultivated in conjunction with an adjoining farm owned by the second husband. Upon the death of the first husband the mother was appointed administratrix of his personal estate, and also guardian of the property of the daughter. She filed one account as guardian in 1909, when the daughter was six years old, and another in 1921, when the daughter came to the age of eighteen. Both accounts were duly passed and approved by the Orphan' Court of Dorchester County. In December, 1921, the daughter married Ross E. Smith, and lived with her husband at another place for the next year. The question of setting off the rights of the mother and daughter respectively in the farm then arose, and after some discussion had failed to bring an agreement, the mother, on December 16, 1922, filed her bill of complaint in equity praying that one-third part of the farm might be set off and assigned to her as her dower. No claim was made by her

on account of past rents and profits, the bill averring, on the contrary, that all such matters had been settled and closed. Shortly after the bill was filed the mother and her husband moved to the adjoining farm and the daughter and her husband took possession of the farm in question. In the answer of the daughter and her husband to the mother's bill, and in the subsequent proceedings, the defense to the claim for assignment of dower has been that the mother has forfeited her right to it because for nineteen years she occupied the farm and managed it in her own interest, enjoying the rents and profits to the exclusion of the daughter from all but a slight share in them, and has committed some waste in removing timber and certain improvements. The defendants also set up laches as a bar to the claim of dower.

In the alternative, it is contended that if dower has not been forfeited the right to it should be enforced in equity only after or in conjunction with a decree for an accounting by the mother for the rents and profits of the farm while she lived on it, and also of her settlement of Isaac T. Crane's personal estate.

Testimony was taken on the facts put in issue by these defenses, and a decree was signed making an allowance of one thousand dollars to the mother in lieu of dower, and to settle all differences between the mother and daughter over the rents and profits and other items in dispute. No steps were taken to assign dower by metes and bounds as prayed in the bill, and no testimony was taken to prove that the circumstances of the property were such as to make an assignment impracticable. The view of the learned court below, expressed in the opinion, was that the condition in which the accounts between the mother and daughter, guardian and ward, were found made it impracticable to assign the mother's dower by metes and bounds, or to make an award in lieu of dower in the form of a yearly rent, with justice to the defendants. Evidently, the purpose of the court below was to adjudicate and settle all of the claims of the two parties in the one suit, and as a means to that end the

money allowance in lieu of dower in the land seems to
have been made.

In the opinion of this Court the mother's suit for the
assignment of her dower in the land cannot be utilized for
that purpose. It is merely for the assignment of dower in
the land, and there appears to be no reason for supposing
that the land in this case is insusceptible of division. That
being true the Court has no latitude. It is not free to make
a conversion in order to provide means of adjusting cross
claims. Unless in some way the right to any dower at all
has been barred or extinguished, land must be assigned to her
if the land is susceptible of division.

*Park on Dower,* 251, a work long relied upon in this State
as an authority, says: "Unless hindered by the peculiar cir-
cumstances of the property, or the nature of the tenancy
therein, the widow has a right to have her dower assigned to
her in severalty, 'by metes and bounds.'" See also *Park on
Dower,* 273; 2 *Scribner on Dower* (2nd ed.), 80. And in
*Shipley* v. *Mercantile Trust Co.,* 102 Md. 661, this Court
said: "We could not hesitate to hold that a widow cannot be
deprived by any direction of the testator who devised his
estates to others, subject to her dower, nor by any decree of
court, of her right to have her dower assigned, if she elects to
exercise her right."

We concur in the conclusion of the lower court that the
right of dower has not been barred. It is quite true that
courts of equity, when appealed to for the assignment of
dower, have refused it because of equities which they have
found opposed to it. In *Naill* v. *Maurer,* 25 Md. 532, 540,
an ante-nuptial agreement barred a subsequent claim of
dower, "According to our construction of this provision"
(article 16, section 42 of the Code), said the Court in that
case, "Courts of equity are authorized to proceed accord-
ing to the usual course in such courts, and to determine and
finally adjudicate claims for dower, by the principles and
rules of equity; and in our opinion, when proceedings are had
in equity to enforce a claim for dower the equities of the
case should be considered and decreed upon accordingly."

And so, in *Willson* v. *Willis*, 131 Md. 47, a delay of twenty-two years after the husband's death was regarded as possible ground for barring a claim against strangers in possession, by way of estoppel. And see *Kiddall* v. *Trimble*, 1 Md. Ch. 143, 150, 151; *Steiger* v. *Hillen*, 5 G. & J. 121, 133. But the only equities which have been considered strong enough to stay the hand of the court altogether from assigning dower seem to have been those which have arisen from the natural settling of other and adverse interests in reliance upon the action or inaction of the widow. The claims made against the widow here are rather in the nature of counterclaims arising out of past transactions; out of her administration of her husband's personal estate, and of her guardianship, and out of alleged acts of waste. We know of no authority for the barring of the right to dower because of such claims as these, or of any equities to which they may give rise. See article 93, section 307, of the Code.

We concur also in the opinion of the lower court that the contention that the widow has been guilty of laches, and for that reason should not be assigned her dower now, is untenable. There was every reason why the mother should not have an assignment of her dower while she and the daughter, together with the other members of the family, were living on the farm during the daughter's infancy. The mother was required to hold and manage the interests of both parties, and a division of property interests then would have been purposeless and unnatural. After the daughter had attained her majority and married, and it was found that a division could not be agreed upon, the mother's bill of complaint was filed promptly.

We are furthermore of opinion that the money claims made by the defendants, and their prayer for an accounting, being matters of a different nature, are not germane to the mother's suit for the assignment of her dower in the land, and cannot be entertained in it.

Being of opinion, therefore, that the complainants are entitled to proceed with their case for assignment of dower by metes and bounds in the regular manner, without interfer-

ence because of any claims which the defendants may have, the decree of the court below must be reversed and the cause remanded for a decree to be passed in accordance with this opinion.

> *Decree reversed and cause remanded for the passage of a decree in accordance with the opinion of this Court. Costs to be paid by the appellees.*