GLENN, Trustee of PEASE *vs.* VON KAPFF.—*June,* 1830.

An insolvent debtor who has obtained his final discharge, and released to his trustee all his interest in the property in dispute, and residue of his estate after paying his debts, is a competent witness in an action in which his trustee is plaintiff, to prove, that at the time a certain deed was executed by such witness and his partner to the defendant, who was their creditor, they contemplated becoming insolvent debtors, and apprised the defendant of such intention, who advised them to make such deed, and then apply for the benefit of the insolvent laws, and promised to aid them thereafter, though the effect of such testimony would be to avoid his deed, under our insolvent system.

APPEAL from *Baltimore* County Court.

Action of *Trover.* The declaration stated that the plaintiff, (now appellant) on the 29th of June, 1824, was lawfully possessed, as of his own property, of the lease of two small brick buildings, and one frame building and shed, one steam boiler, &c. and sundry other articles then contained in the said brick and frame building and shed, of great value, &c. and being so possessed thereof, he afterwards, to wit, &c. casually lost the said lease, and the above recited and enumerated goods, &c. out of his possession; and the same afterwards, &c. came to the possession of the defendant, (the appellee) by finding. Yet, &c. The defendant pleaded not guilty, and issue was joined.

At the trial the plaintiff offered in evidence, the petitions and insolvent papers of *Adriel Pease* and *John N. Schultze.* The petition of *Pease* to the commissioners of insolvent debtors, was dated 7th January, 1824. The appellant was appointed his permanent trustee, before the institution of this suit, and *Pease* was finally discharged by the County Court, under the insolvent debtors' act, on the 25th September, 1824. Similar proceedings were proved in relation to *Schultze;* and also that the various articles mentioned in the declaration in this cause, were on the —— day of January, 1824, the property and in possession of *Pease* the insolvent. The name of the defendant was not mentioned as a creditor in the insolvent's petitions and papers.

The defendant gave in evidence certain contracts between him and the insolvents, which need not be stated, and a bill of sale, dated 5th January, 1824, from the insolvents to him for the articles mentioned in the declaration. The plaintiff then called *John N. Schultze,* one of the parties to the said bill of sale, who released to his trustee all his interest in and to said property, and to any residue of his estate which might remain after paying his debts, and offered to prove by such witness, that at the time the said bill of sale was executed, *Pease* and *Schultze* contemplated becoming insolvent debtors, and apprised the defendant of such intention, who advised them to make the bill of sale to him, and then to apply for the benefit of the insolvent laws; and also promised to aid them as soon as they obtained the benefit of said laws; and that the said bill of sale was *executed with intent to give the defendant an* undue and improper preference over the other creditors of *Pease* and *Schultze,* and every of them. To the admissibility of which witness to prove all or any of the above facts, the defendant objected, 1st. Because the said witness was a party to the said bill of sale, and cannot be heard in a court of law, to impeach his own deed; and 2d. Because it was not competent for him to give evidence to show that he contemplated being or becoming insolvent, within the view of the Acts of Assembly for the relief of insolvent debtors. And the Court (ARCHER, Ch. J., and HANSON, A. J.) being divided in opinion as to the admissibility of the said witness to prove the aforesaid facts, the said witness was rejected. The plaintiff excepted; and the verdict and judgment being against him, he appealed to the Court of Appeals.

This cause came on to be argued before BUCHANAN, Ch. J., EARLE, and MARTIN, J.

*Johnson* and *Frick,* for the appellant, contended,

1. That *John N. Schultze* was a competent witness to shew that he contemplated being and becoming an insolvent

debtor, within the view of the Acts of Assembly, at the time of the execution of the bill of sale to the appellees. 2. That he was a competent witness, to impeach and invalidate the said bill of sale.  They referred, in their arguments, to *Butler vs. Cooke, Cowper's Rep.* 70.  *Archbold's Digest,* 435, 438.    *Masters vs. Drayton,* 2 *Term Rep.* 497. *Walton vs. Shelly,* 1 *Term Rep.* 496.   They insisted, that the rule, that a man cannot be heard to impeach an instrument to which he has signed his name, is restricted to negotiable securities.   They also cited, *Bent vs. Baker,* 3 *Term Rep.* 32.   *Kenyon's Opinion,* 34.   *Pleasants vs. Pemberton,* 2 *Dallas's Rep.* 197.   *Baring vs. Shippen,* 2 *Binney,* 154, 168.   *Winton vs. Saidler,* 3 *Johns. Cas.* 185. *Jackson vs. Frost and Haff,* 6 *Johns.* 135.   1 *Phillips' Ev.* 33, 34, (*note a.*)   *Wilson vs. Lenox,* 1 *Cranch,* 201.   *Ringgold vs. Tyson,* 3 *Harr. and Johns.* 172.   3 *Stark. Evid.* 17, 37.  *Rands vs. Thomas,* 5 *Maule and Selw.* 244.   2 *Stark. Ev.* 298. (*note e.*)   1 *Harrison's Index,* 511, 513. *Howard vs. Mitchell,* 14 *Mass. Rep.* 241.

*Mayer* and *Learned* for the appellee, referred to *the act of* 1805, *ch.* 110.    The *act of* 1812, *ch.* 77.   1816, *ch.* 121, *sec.* 6.   They contended, that the deed to the appellee did not give a preference, so as to invalidate it under the Act of Assembly.   *McMechen vs. Grundy and Sons,* 3 *Harr. and Johns.* 185.   They cited likewise, *Graves vs. Delaplaine,* 14 *Johns.* 146.   *Wesley vs. Thomas,* 6 *Harr. and Johns.* 24.   2 *Stark. Evid.* 211.   *Revere vs. Leonard,* 1 *Mass. Rep.* 91.   1 *Day Rep.* 17.   2 *ib.* 121.   *Cantee vs. Sumter,* 2 *Bay South Car. Rep.* 93.   1 *Stark. Evid.* 206, 302.

BUCHANAN, Ch. J., delivered the opinion of the Court. It is a settled, general rule of evidence in this State, that every person not interested in the event of the suit is a competent witness ; the objection going to his credibility rather than to his competency.   Here the suit was brought

by the trustee of an insolvent debtor ; it is an action of *trover* for certain goods held by the defendant, under a bill of sale executed to him by the insolvent, two days before the date of his application for the benefit of the insolvent laws. And the insolvent himself, being produced to prove, that at the time of executing the bill of sale to the defendant, (who is stated to have been a creditor,) he contemplated becoming an insolvent debtor, and so informed him. His testimony was objected to, on the ground that he could not be heard in a court of law to impeach his own deed, and his testimony was rejected, upon a misapprehension we think of the rules of evidence before stated, as prevailing in this State, there being nothing that we can perceive, to exempt it from the operation of that rule. The party offered as a witness having released to the trustee all his interest in the property in dispute, and in any residue of his estate which might remain after paying his debts, he had no apparent interest in the event of the suit, and the objection, if any, was to his credibility, and not to his competency. This as a general rule must be acceded to from necessity, if not for the preservation of consistency in the practical application of the law of evidence.

If there are cases in which a man shall not be called to impeach or invalidate an instrument which he has signed, they are exceptions ; and we can perceive nothing to bring this case within the exception.

By the insolvent laws a deed or assignment made to a creditor or security, with the expectation of becoming an insolvent debtor, and with the intent to give an under preference to such creditor or security, is declared to be void, and the property attempted to be conveyed or assigned, to vest in the trustee of the insolvent debtor. The intention of the insolvent at the time of making the bill of sale in question, was the matter proposed to be proved, and that lying in his own breast, and being a matter difficult, if ever to be proved in such cases, except by disclosures by the party himself, it would seem to be a case peculiarly fit for

the admission of his testimony; and we think the court below did wrong in rejecting it.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.