(Decided 22nd June, 1876.)

RUTH GROVE and SAMUEL E. GROVE *vs.* BENJAMIN H. TODD, JESSE E. TODD, and others.

BENJAMIN H. TODD, JESSE E. TODD, and others, *vs.* RUTH GROVE, and SAMUEL E. GROVE.

*Exceptions to an Auditor's account—Interest on arrears of Dower—Assignment of Dower—Costs.*

Where exceptions to allowances in an auditor's account are not sufficiently specific, either as to the items of the account, or the evidence to prove or disprove them, they cannot be considered by the Court.

The right of a widow to claim interest on arrears of dower, depends upon the same principles as her right to damages at law.

Where the claim is against the alienees of her husband, who were in possession by virtue of a good *prima facie* title, interest will not be allowed.

In an equity proceeding by a widow for an assignment of dower, the question of costs depends entirely upon the character of the complainant's claim, and the nature of the defence; and it is competent for the Court to allow or disallow them.

By a decree finally ratifying the return of the commissioners for the assignment of her dower, the defendants were ordered to pay the costs; and the

Grove *vs.* Todd, *et al.*

account for arrears of dower, provided for in a previous order, was reserved for the further order and determination of the Court. In subsequently passing upon the auditor's account, the Court directed the costs to be paid out of the general fund, and declared the former order, allowing costs to the complainant, to have been inadvertently passed. On appeal, it was HELD:

1st. That the former order, although final in its character as a ratification of the commissioners' return, was in other respects interlocutory, and expressly reserved the consideration of the accounts to be stated in which the allowance of costs was finally adjudicated.

2nd. That the question of costs having been passed upon without argument, *sub silentio*, it was proper the Court below should adjust them upon principle and authority.

3rd. That under the circumstances of the case they were judiciously disposed of.

On appeal from the action of the Court below upon exception to an auditor's account, this Court cannot, in the absence of proof that the appellant has been injured by the omission of specific subjects of charge, assume that the auditor has omitted to include any item given in evidence, and which should have been included.

The presumption is, that the accounts were made up to the date when they were filed.

CROSS-APPEALS from the Circuit Court for Frederick County, in Equity.

The cases are stated in the opinion of the Court.

The causes were argued before BARTOL, C. J., BOWIE, GRASON and ALVEY, J.

*James W. Pearre* and *Thomas Donaldson,* for Ruth Grove and Samuel E. Grove.

*Charles W. Ross,* for Benjamin H. Todd, Jesse E. Todd and others.

BOWIE, J., delivered the opinion of the Court.

These are cross-appeals:—The appellants, Samuel E. Grove, and Ruth, his wife, claim dower in right of the wife, as late widow of Benjamin Todd, deceased, against the appellees, Benjamin H. Todd, Jesse E. Todd and others, *alienees* of the said Benjamin Todd, deceased.

The original bill of the appellants prayed that the deed, under which the appellees claimed, might be declared absolutely null and void, and set aside, but this Court held in the decision upon a former appeal, between the same parties, the deed was operative and valid, as against the deceased husband of the appellant Ruth, but inoperative and void, as against her; the acknowledgment by the wife being defective. *Vide Grove vs. Todd*, 41 *Md.*, 634.

On the return of the record from this Court, to the Circuit Court for Frederick County, sitting as a Court of Equity, for further proceedings, a commission was issued for the assignment of the dower of the appellant Ruth, in the lands described in the deed, and the cause standing ready for hearing, upon the *return* of the commissioners, and being submitted without argument, it was, on the 20th of July, 1875, decreed by the Circuit Court, that the return of the commissioners filed in the cause on the 4th day of June, 1875, (being the assignment of dower,) be finally ratified and confirmed, no cause being shown to the contrary, etc. It was further ordered, that the account of arrears of dower, provided for in the previous order of the Court, be reserved for the further order and determination of the Court, upon the report of the auditor in that behalf, and "it was further ordered, that the defendants, Benjamin H. and Jesse E. Todd, pay to the complainant, Ruth Grove, her costs in this suit, to be taxed by the clerk."

The auditor, after taking testimony as to the rents, profits, improvements and expenses on the land subject to dower, returned Accounts Nos. 1 and 2, stated according

to the instructions of the complainants' or appellants' solicitors, and Account No. 3, stated under the instructions of the appellees' solicitor. Exceptions were filed by each party to the accounts presenting their adversary's views.

The appellants, Grove and wife, excepted to Account No. 3,—1st. Because there is no allowance of interest to Ruth Grove, on the arrears of dower audited to her.

2nd and 3rd. Because Harriet M. Todd, guardian of the minor defendants, Benjamin and Jesse, has been allowed large sums for *improvements* on the real estate, "Ridgeville Heights," made since the filing of the original bill for dower in this case, and for expenditures made for convenience, etc.

4th. Because the account of rents and profits is not brought down to the time of stating the said account.

5th. Because the complainant, Ruth Grove, has been charged with one-third of the costs of commission to lay off dower, when said costs were expressly allowed her in the order and decree finally ratifying the return of the commissioners to lay off dower.

The appellees, Todd and others, excepted to Accounts Nos. 1 and 2, for reasons, the converse of those on which the appellants' exceptions were founded, viz.,—1st. Because in said Account No. 1 the auditor has allowed the complainant interest on arrears of dower.

2nd. Because the auditor, in Account No. 1, has made defendants no allowance for large amounts expended and laid out in repairs to said property.

3rd. Because the auditor has, in Account No. 1, charged the defendants with rents and profits which had never been received.

These exceptions coming on to be heard, the Court below rejected Accounts Nos. 1 and 2. and affirmed No. 3.

The complainants below, Grove and wife, appealed from the order and decree ratifying and confirming Account

No. 3, and rejecting Accounts Nos. 1 and 2 ; and the defendants appealed from the order or decree ratifying the return of the commissioners to lay off the widow's dower.

The principal questions presented by these cross-appeals are,

1st. Whether, in a case like the present, the widow is entitled to interest on the arrears of dower.

2ndly. Whether she is entitled to costs on the assignment of dower.

3rd. Whether it was competent for the Court below, in its final decree on the accounts, to modify its former order or decree on the subject of costs.

The exceptions of the appellants, Grove and wife, to Account No. 3, for allowances to the guardian for improvements, and expenses for the comfort and convenience of the defendants, are not sufficiently specific, either as to the items of the account, or the evidence to prove or disprove them, to enable this Court to determine upon the propriety of allowing or rejecting those items.

The right of the widow to claim interest on the arrears of dower is somewhat analogous to her right to damages at law, and depends on the same principles. The relation between the parties to the present suit is not that of a widow, proceeding against the heirs-at-law of her husband, who died seized in fee. The complainants' position is that of a widow suing her husband's alienees, who were in possession by virtue of a good *prima facie* title.

Until the decree of this Court, in the case reported in 41 *Md.*, 633, the defendants could not have known whether the lands in their possession were liable to dower. They held under a deed executed in part by the widow herself, now one of the complainants.

There has been, in this case, "no deforcement of the widow's right of dower," such as would entitle her to damages under the Statute of Merton. Damages cannot be recovered at law, against the alienee of the husband.

If the appellant had proceeded at law against the husband's alienees, she could have recovered nothing more than the actual net rents and profits; nothing would have been allowed "*detentione dotis*."

As a general rule, in England, interest will not be allowed on arrears of dower. *Lindsay vs. Gibbon*, 3 *Bro. C. C.*, 495; *Wakefield vs. Childs*, 1 *Fonblanque's Eq.*, 23; 2 *Daniel's Ch. Pr.*, 1141; *Goodburn vs. Stevens*, 1 *Md. Ch. Dec.*, 439.

The Code of Public General Laws, Art. 16, sec. 30, provides, "The several Courts of equity shall have full concurrent jurisdiction with the Courts of law in all claims for dower, and shall have power to try all questions of law which may arise in such cases, and give as full relief in any case as the complainant could have obtained heretofore, in either a Court of equity or a Court of law."

In the case of *Naill, et al. vs. Maurer*, 25 *Md.*, 540, construing this section, this Court held this language: "According to our construction of this provision, Courts of equity are authorized to proceed according to the usual course of such Courts, and to determine and finally adjudicate claims for dower, by the principles and rules of equity, and, in our opinion, where proceedings are had in equity, to enforce a claim for dower, the equities of the case should be considered and decreed upon accordingly."

Without deciding that interest may not properly be allowed under certain circumstances, it may safely be asserted, there is no equity for such a claim in the present case.

The rule on the subject of costs is laid down with some variation in different writers on Equity Practice.

In Maddock's Chancery it is said, "As no costs are given at law upon a writ of dower, so none have commonly been given in equity, upon a bill for dower." 1 *Mad. Ch.*, 244, 2nd *Amer. Ed.; Redesdale Tr. Pl.*, 98, 3rd *Ed.*

Grove *vs.* Todd, *et al.*

Costs are given by the Statute of Gloucester (6 Edw. 1, ch. 1,) where damages are given in a verdict in dower.

In England, the rule is said to be, if no damages are given the complainant pays her own costs.

"With us, however, costs follow the judgment, as in other cases" at law. *Keefer vs. Marker*, 2 *H. & J.*, 55, *n. a.*; 2 *Harris' Entries*, 201, *et seq.*

With regard to costs in equity, Mr. Alexander, in his work on British Statutes, says, the rule formerly was, that as the widow came into equity to recover dower for her own convenience, she would not be allowed costs, except in cases where the heir made a vexatious resistance to her claim. *Curtis vs. Curtis*, 2 *Bro. C. C.*, 620; *Worgan vs. Ryder*, 1 *Veas. & Bea.*, 20; *Bamford vs. Bamford*, 5 *Hare*, 203; *Alex'r British Statutes*, 28. See also *Lucas vs. Calcraft*, 1 *Brown's C. C.*, top p. 122, mar. 134.

The question of costs, like that of interest, depends entirely on the character of the complainant's claim, and the nature of the defence. From the authorities cited, it was clearly competent for the Court below to allow or disallow them.

Acting upon this principle, the Court below declare it as their opinion, that the costs should be paid out of the general fund, as the alienees, or their guardian, had not caused any vexatious or unnecessary delay; and referring to the former order passed in the cause, allowing the appellant her costs, they say "it was through misapprehension, not objected to by the defendant's solicitors, and inadvertently passed by the Court."

It is the privilege of all Courts to correct an error inadvertently committed, whilst the cause is "*in fieri.*" The former order, although final in its character, as a ratification of the commissioners' return, was in other respects interlocutory, and especially reserved the consideration of the accounts to be stated, in which the allowance of costs is finally adjudicated.

The question of costs having been passed on without argument, *sub silentio*, it was proper the Court below should adjust them upon principle and authority. Under the circumstances of this case we think they have been judiciously disposed of.

Account No. 3 purports to have been stated in pursuance of the instructions of the appellees' solicitors, which required them to be charged with all amounts of money received by H. M. Todd, guardian of B. H. and J. E. Todd, *as contained in her evidence*, and then allow all costs, taxes, charges and expense of suit of laying off dower ; then all taxes, insurances and amounts paid for repairs, as per testimony of Mrs. H. M. Todd, and distribute the residue as follows : one-third to Mrs. Ruth Grove, and the balance equally between Benjamin H. and Jesse E. Todd. There is no limit in these instructions as to the time to which the account was to be brought down. If accurately executed, it must embrace all moneys received by the guardian, who was examined by the complainants as their witness. No evidence has been referred to as containing items of charge not included in the account.

The Court below, in their opinion, state there are some errors in all the accounts as stated by the auditor, upon the instructions of the parties, but the Court is of the opinion that the third account comes nearest to what is right and proper ; which, although not correct in every particular, does substantial justice and equity between the parties, and to prevent further delay and additional costs to those interested, without any compensating equity, it ought to be ratified.

The complainants' fourth exception to Audit No. 3, that the account of rents and profits is not brought down to the time of stating the account, as above intimated, is not sustained by reference to any item of evidence, which shows any matter of charge has been omitted. This Court cannot, in the absence of proof, that the appellant

Grove has been injured by the omission of specific subjects of charge, assume that the auditor has omitted to include any item given in evidence and which should have been included. The accounts seem to have been filed on the 15th of July, 1875, and the presumption is, they were made up to that time.

Adopting the suggestion of the Court below, that substantial justice has been done by Account No. 3, between the parties, the order of the Court below ratifying said account, and rejecting Accounts Nos. 1 and 2, will be affirmed. The costs of these appeals to be paid by the appellants, Samuel E. Grove and Ruth, his wife.

The case of *B. H. Todd, Jesse E. Todd, et al. vs. Ruth Grove and Samuel E. Grove* is disposed of by the decision in the first appeal.

*Order affirmed, and*
*cause remanded.*

(Decided 22nd June, 1876.)