Grand United Order of Odd Fellows Joint Stock Association *vs.* Merklin, *et al.*

(Decided 24th June, 1886.)

THE GRAND UNITED ORDER OF ODD FELLOWS JOINT STOCK ASSOCIATION OF BALTIMORE CITY *vs.* GEORGE K. MERKLIN, and others.

*Application to have Deed and Lease declared a Mortgage—Party to Action—Witness—Evidence Act—Exception to Competency of Witness—Exception to Admissibility of Evidence—Practice—Usury—Accounting.*

In an action to have a deed and a lease declared a mortgage, the original lessee who had divested himself of all interest in the property by an assignment of the lease to a third party, and by his discharge in insolvency had been released from all obligations created by the lease, for the payment of rent or otherwise, is not a necessary party to the action.

Nor is such lessee precluded from being a witness in such action for his assignee, by reason of the death of his lessor, as he would have been a competent witness before the passage of the Evidence Act, he having been discharged under the insolvent law of the State, from all obligations created by the lease, and having fully released his trustee in insolvency from all claims or demands on account of the insolvent estate.

Grand United Order of Odd Fellows Joint Stock Association *vs.* Merklin, *et al.*

The exception to either the competency of the witness or the admissibility of the evidence must appear from the record to have been duly filed in the Court from which the appeal is taken; the mere noting of the exception by the examiner is not sufficient.

On the same day of the execution of a deed, which professed to be made for the consideration of $4000, there was a long renewable lease of the same premises to the grantor, by which an annual rent of $400 was reserved to the lessor; and it was also covenanted that he would at any time after the expiration of two years from the date of the lease, on payment, or tendering of payment, of the consideration named in the deed, make a good and sufficient conveyance in fee simple of the premises to the lessees free from the rent reserved. Subsequently the lessees made an assignment of the lease and of the demised premises to an incorporated association. It appeared that the money obtained from the lessor was a loan, and that the deed and lease were but means of security for the amount agreed to be repaid; and furthermore, that the sum of $3600 was obtained for the transfer of the title, and that the remaining sum of $400, was retained by the lessor as a *bonus* for the loan, while an usurious rate of interest was reserved in the form of rent. On a bill by the assignee of the lessees against the heirs and personal representatives of the lessor, deceased, to have the deed and lease declared a mortgage, it was HELD:

That there should be an account taken to ascertain the amount still due on the loan, and, upon payment of that amount, the complainant would be entitled to receive from the defendants, or a trustee appointed to act in their behalf, a deed for the premises, free and discharged from the yearly rent reserved by the lease.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from a decree of the Court below dismissing the bill of complaint. The case is stated in the opinion of this Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and RITCHIE, J.

*Joseph C. Boyd,* and *Julian I. Alexander,* for the appellant.

Grand United Order of Odd Fellows Joint Stock Association *vs.*
Merklin, *et al.*

*John Carson,* and *William J. O'Brien,* for the appellees.

Alvey, C. J., delivered the opinion of the Court.

In this case the bill was filed by the appellants against the heirs and personal representatives of James Dew, deceased, for the purpose of having a certain deed and a lease declared to have the effect and operation of a mortgage only. The deed was made by Charles H. Dutton and others to James Dew, on the 2d of May, 1866, for certain premises on Lexington street, in the City of Baltimore; and on the same day a long renewable lease of the same premises was made by Dew to Dutton and others, the grantors in the deed. The deed professes to be made for the consideration of $4000, and by the lease an annual rent is reserved of $400, payable semi-annually. The lease contains a covenant or condition that the lessor, his heirs, personal representatives, or assigns, shall and will, at any time after the expiration of two years from the date of the lease, at the request and expense of the lessees, their heirs or *assigns,* on payment, or tendering payment, of the sum of $4000, with all arrearages of rent, make and deliver to the lessees, their heirs or *assigns,* a good and sufficient deed, in fee simple, of the premises demised, free, clear and discharged of and from the rent reserved. At the time of this transaction the appellants were an unincorporated body or association, and the grantors in the deed and lessees in the lease, being members, had acquired and held the property described in those conveyances for the use and benefit of the association. Subsequently the appellants became incorporated, and then, on the 12th of November, 1868, the lessees in the lease from Dew made an assignment of the lease, and of the demised premises, to the appellants, and the latter have held the same ever since, paying the rent

Grand United Order of Odd Fellows Joint Stock Association *vs.*
Merklin, *et al.*

reserved down to the 1st of November, 1878. They now
charge that the whole transaction was in fact and reality
a mortgage, devised and intended simply as a security for
money loaned, and by which an excessive rate of interest,
in the form and under the denomination of rent, was
reserved. It is charged that the amount actually re-
ceived, by way of loan, from Dew, was only the sum of
$3600, instead of $4000, recited as the consideration of
the deed; and that the sum of $400 was retained by Dew
as a *bonus* for the loan. It is alleged that the balance
actually due on the loan was tendered to Dew in April,
1879.

The appellees, by their answers, deny the allegations
of the bill in respect to the nature of the transaction with
Dew, and insist that the deed and lease must be taken
for what they profess to be on their face. James Dew
died in June, 1879.

The only witness examined in the case was Charles H.
Dutton, one of the grantors in the deed and one of the
lessees in the lease, and he was examined on the part of
the appellants to prove the nature of the transaction with
Dew. He is objected to, however, by the appellees, as
being incompetent to testify for the appellants, by reason
of the fact that he was a party to the contract with Dew,
who has since died. Dutton, the witness, obtained his
discharge under the insolvent law of the State in 1885;
and he has not been made a party to this suit, though it
is insisted that he ought to have been made a party. The
Court below dismissed the bill, but upon what ground the
record does not disclose.

It is clear, we think, that Dutton was not a necessary
party to this suit. By the assignment to the appellants
he divested himself of all interest in the property; and
by his discharge in insolvency, shown in evidence, he
was fully discharged and released from all obligations

created by the lease, for the payment of rent or otherwise. And being thus divested of all interest or title in the subject-matter of the suit, there was no necessity or utility in making him a party, either plaintiff or defendant. The true principle would seem to be, says Judge Story, (*Eq. Plead.*, sec. 153,) "that, in all cases, where the assignment is absolute and unconditional, leaving no *equitable* interest whatever in the assignor, and the extent and validity of the assignment is not doubted or denied, and there is no remaining *liability* in the assignor to be affected by the decree, it is not necessary to make the latter a party. At most, he is merely a nominal or formal party in such case." And in the case of *Brace vs. Harrington*, 2 *Atk.*, 235, it was said by Lord Hardwicke, that it was not necessary, in every case of assignment, where *all the equitable interest* is assigned over, to make a person, who has the *mere* legal interest, a party. See, also, *Blake vs. Jones*, 3 *Anst.*, 651, and *Whitney vs. McKinney*, 7 *John. Ch.*, 144.

And not being a party in fact, nor a necessary party, to the suit, was Dutton, under the circumstances of the case, a competent witness to testify for the appellants in relation to the transactions with Dew, under which the deed and lease were made? The appellees insist that he was not competent; but they failed to file any such sufficient exception in the Court below as to entitle them to insist upon the exception in this Court. It is true, the examiner was required by the appellees to note at the examination, and he did accordingly note, a general exception to the whole of the witness' testimony; but that did not gratify the requirement of the statute. The exception to either the competency of the witness or the admissibility of the evidence must appear from the record to have been duly filed in the Court from which the appeal is taken; Act 1861, ch. 33; and the mere noting of the ex-

ception by the examiner is not sufficient. *Cross vs. Cohen,*
3 *Gill,* 258; *Gibbs vs. Gale,* 7 *Md.,* 87; *Cherry vs. Stein,*
11 *Md.,* 19. But without relying upon the informality
or insufficiency of the exception taken below, we are of
opinion that the witness was competent to testify, and
that the exception, if regular, would not avail.

By the Code, Art. 37, sec. 2, as amended and re-enacted
by the Act of 1876, ch. 222, it is provided that "when an
original party to a contract or cause of action is dead, or
shown to be lunatic or insane, or when an executor or
administrator is a party to the suit, action or other pro-
ceedings, either party may be called as a witness by his
opponent, but shall not be admitted to testify on his own
offer, or upon the call of his co-plaintiff or co-defendant,
*otherwise than now by aw allowed,* unless a nominal
party merely," etc. This statute, manifestly, was in-
tended to enlarge, not to restrict, the admission of evi-
dence, and was certainly not designed to render any one
incompetent to testify as a witness who was competent
before the passage of the Act. If the witness, therefore,
would have been competent to testify for the party of-
fering him, before the passage of the statute, he is still a
competent witness, notwithstanding he may have been a
party to the contract in litigation, and in regard to which
his testimony is offered. This is the result not only of
the general principle and policy of the statute, but the
effect of the words, "otherwise than now by law al-
lowed;" those words providing an exception to the pre-
ceding disqualification declared, and excluding from the
operation of such disqualification all witnesses previously
competent.

In the case of *Downes vs. Md. & Del. R. R. Co.,* 37
*Md.,* 104, this Court said, in regard to this Evidence Act,
that its "chief object and purpose was to remove the in-
competency of witnesses, not to impose additional restric-

tions." And so in the very recent case of *Trahern vs. Colburn*, 63 *Md.*, 105, this Court said that "it has always been held that the effect of this statute was not to render incompetent witnesses that were competent under the law as it previously stood; the chief object and purpose of the statute being to remove the incompetency of witnesses, not to impose additional restrictions." Here the witness Dutton having assigned the lease, and having been discharged, under the insolvent law of the State, from all obligations created by the lease, and, in addition to this, having fully released his trustee in insolvency from all claims or demands on account of the insolvent estate, he would have been a competent witness before the passage of the Evidence Act, (*Glenn, Trustee vs. Von Kapff*, 2 *G. & J.*, 132,) and that being so, he still remains competent, notwithstanding he was a party to the contract with Dew, since deceased.

As we have already stated, Dutton was the only witness examined, and there is nothing in the case to impeach his testimony, nor any reason shown why his testimony may not be accepted as furnishing the true state of the transaction with Dew. By his testimony it is plainly shown that the money obtained from Dew was obtained as a loan, and that the deed and lease were but means of security for the amount agreed to be re-paid. It is also shown that the sum of $3600 was obtained for the transfer of the title upon the professed consideration of $4000, and that the remaining sum of $400 was retained by Dew as a *bonus* for the loan, while the rent reserved was equivalent to the annual interest on nearly seven thousand dollars, at six per cent. per annum. As we have seen, the right of redemption is reserved by the lease, at any time after the lapse of two years, upon payment of the $4000, with all arrearages of rent to the time of payment, and this feature of the case affords a strong

corroboration of the truth of the statement of the wit-ness in regard to the real nature of the transaction. And treating the money advanced as a loan, as we must do under the testimony in the case, and the deed and lease as security therefor, it is clear the usury laws of the State were violated, and the case falls immediately within, and must be controlled by, the decision of this Court made in the case of *Montague vs. Sewell,* 57 *Md.,* 407. There should be an account taken to ascertain the amount still due, and upon payment of that amount the appellants will be entitled to receive from the appellees, or a trustee appointed to act in their behalf, a deed for the premises mentioned, free, clear and discharged of and from the yearly rent reserved by the lease. We shall therefore reverse the decree of the Court below, and remand the cause for further proceedings, in accordance with this opinion.

*Decree reversed, and*
*cause remanded.*

(Decided 24th June, 1886.)