JAMES M. T. YOUNG *vs.* KATE McC. OMOHUNDRO, Administratrix, and others.

*Equity practice—Recall of Witness—Waiver of Right to Object to Evidence—Art. 5, sec. 26, of the Code—Act of 1861, ch. 33—Appeal from a Court of Equity—Objection to Evidence—Mortgage—Covenant to pay Taxes—Payment by Assignee of Mortgage—Mortgagee in Possession—Rents and Profits—Exception to Auditor's report—Vagueness of Exception.*

A witness in a proceeding in equity, having once testified, can only be recalled in behalf of the same party, after permission for that purpose has been obtained upon proper application to the Court. But where a witness who has already testified, is recalled and re-examined without leave of the Court first had and obtained, objection to such testimony on the ground that it was irregularly taken, will not be heard from a party to an agreement referring the case to the auditor to state an account upon the evidence then in the case, and upon such other evidence as might be taken.

Under section 26 of Article 5, as amended by the Act of 1861, ch. 33, on an appeal from a Court of equity, no objection to the competency of a witness, or the admissibility of evidence can be made, unless it shall appear by the record that such objection was made by exceptions, filed in the Court from which the appeal was taken.

To enable a party to avail in the Court of Appeals of an objection to the competency of a witness, or the admissibility of evidence, he must file in the lower Court proper exceptions, plainly indi-

Young *vs.* Omohundro, Adm'x, *et al.*

cating the witness and the evidence objected to. The mere noting of an exception by the examiner is not sufficient.

Where a mortgage in express terms provides that the mortgagors shall pay the taxes on the mortgaged property, an assignee of the mortgage who pays the taxes for a series of years to prevent a sale of the property, is entitled to have the amount reimbursed to him.

Where a mortgagee, whose wife was one of the owners of the mortgaged property, occupied it for several months in each year from 1881, to 1886, employing at his own expense, during every winter between these years, a person to protect, and take care of, the property; receiving no rents from the estate, and it not being shown that he was guilty of wilful default in not collecting them, he is not accountable to the mortgagors for rents and profits during such period.

An exception to an auditor's report "for other and various reasons apparent on the face of said report," is too general and indefinite, to allow any objection raised under it to be considered by the Court of Appeals. It is just as necessary that specific exceptions should be filed to an auditor's report as to the admissibility of evidence, or to the competency of a witness.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, BRYAN, and McSHERRY, J.

*Frank. H. Stockett,* for the appellant.

*William Stanley,* for the appellees.

McSHERRY, J., delivered the opinion of the Court.

It appears from the record before us that one William L. Young, purchased a parcel of land in Prince George's County some thirty-odd years ago. Without paying the

whole of the purchase money, he died, leaving a widow, one son and several daughters surviving him. Colon Omohundro, who married one of these daughters, procured in eighteen hundred and seventy-six, the money needed to pay off the balance due on the land, and having paid it, took to himself from his wife and the other children of William L. Young, a mortgage to secure the advance so made by him. The mortgage contained a covenant for the payment of taxes and a power of sale, in the usual form, empowering the mortgagee to make sale in the event of a default. Three years later Colon Omohundro executed a power of attorney authorizing James V. Brooke to sell the property under the power set forth in the mortgage. Mr. Brooke after an ineffectual attempt to dispose of the estate at public auction sold it at private sale to Frank L. Evans, and in the summer of eighteen hundred and eighty-six, reported the sale to the Circuit Court for Prince. George's County. The appellant, James M. T. Young, one of the mortgagors, filed objections to the ratification of that sale. After testimony had been taken, the Circuit Court overruled the objections and ratified the sale. From that order an appeal was prayed, but the record was not transmitted to this Court because of an agreement between all the parties whereby it was stipulated that the order ratifying the sale should be rescinded, the sale set aside and the papers referred to the auditor to state an account "showing the amount due and owing under the mortgage and to whom due, *upon such testimony as is now in the case*, or may be taken hereafter subject to all legal exceptions;" and further providing that a decree should be passed for a sale of the mortgaged premises upon the failure of the mortgagors to pay the sum determined by the auditor to be due. Colon Omohundro had died just before this, and his widow, Kate McC.

Omohundro, to whom administration upon his estate had been committed, was made plaintiff in his stead. At this stage of the case Richard Cooper, professing to be the executor of Silas Omohundro, the father of Colon, came into Court by petition and asked to be made a party upon the ground that he held by assignment from Colon the mortgage alluded to. He insisted that the sum due was payable to him, as such executor, because of his having advanced, out of the estate of Silas, to Colon, the money furnished by the latter to the mortgagors at the time the mortgage was executed. He was allowed to be made a party plaintiff to the proceedings, and is one of the appellees in this Court. Testimony was then taken by the auditor who thereafter made a report to the Court showing the amounts due under the mortgage, distributing a part of the mortgage debt to Cooper and the rest to Kate McC. Omohundro, as administratrix, and auditing the amounts due for taxes and for repairs upon the property. To this report the appellant filed exceptions. These are five in number. They were all overruled, the auditor's report was ratified, and a decree was passed in conformity with the agreement we have referred to, directing a sale of the property in the event of the mortgagors failing, by the date fixed in the decree, to make payment of the sums audited. From that decree this appeal has been taken.

The first exception to the auditor's report objects to the allowance made to Cooper for taxes paid by him on the mortgaged property; and the second objects to the allowance to Cooper of two thousand and forty-four dollars and fifty cents, part of the mortgage debt, upon the ground that no sufficient evidence has been furnished showing him entitled to any portion of the same. As these two exceptions depend upon the testimony of the same witness we will consider them

together. The evidence of James V. Brooke is that upon which the appellees rely to support the items objected to in these exceptions. Mr. Brooke had been examined on the part of the original plaintiff respecting the sale to Evans, and sometime afterwards he was recalled in behalf of the plaintiff without an order of Court having been obtained, and was again examined but only with regard to the payment of taxes by Cooper and the assignment of the mortgage by Colon Omohundro. If his testimony last given be excluded these two exceptions would of necessity have to be sustained. His second examination was undoubtedly irregular. Having once testified he could only have been recalled in behalf of the same party, after permission for that purpose had been obtained upon proper application to the Court below. This is the settled mode of procedure under our equity practice. *Swartz vs. Chickering*, 58 *Md.*, 291; *Girault vs. Adams*, 61 *Md.*, 1. But there are two reasons why we are not at liberty to exclude this testimony thus irregularly taken. First, because *after* it had been so taken the agreement to which we have alluded, referring the case to the auditor was entered into, wherein it was expressly provided that the auditor should state the account now excepted to, upon the evidence *then* in the case, and upon such other evidence as might be taken, subject to all legal exceptions. This agreement was signed by the appellant and we do not think he can now be heard to object to an item when the sole ground assigned for disallowing it is the alleged inadmissibility of the very testimony which he has distinctly consented should be considered by the auditor. Secondly, there was no exception taken to this testimony in the Court below, and, of course, therefore, no objection can be raised or urged against it here. Section 26 of Article 5, of the Code of 1860, as amended by the Act of 1861, chapter 33,

provides that on an appeal from a Court of equity, no objection to the competency of a witness, or the admissibility of evidence, or to any account stated or reported in a Court of equity, shall be made in the Court of Appeals, unless it shall appear by the record that such objection was made by exceptions filed in the Court from which the appeal shall have been taken. This section of the Code as it originally stood was taken from the Act of 1832, chapter 302, sec. 5; the amendment merely enlarged its scope so as to include accounts stated and reported in an equity cause. In *Cross vs. Cohen*, 3 *Gill*, 269, it was decided that the exceptions contemplated by the Act of 1832, must be signed by a solicitor and regularly filed in the cause like any other formal paper. It has never since been doubted that to enable a party to avail in this Court of an objection to the competency of a witness or the admissibility of evidence, he must file in the lower Court proper exceptions plainly indicating the witness and the evidence objected to. The mere noting of an exception by the examiner is not sufficient. *Grand United Order of Odd Fellows, &c., vs. Merklin, et al.*, 65 *Md.*, 583. In the case now before us no exceptions were filed in the Circuit Court, or even noted by the examiner, to the admissibility of this evidence or to the recalling of this witness. We are, therefore, precluded from considering those now made in this Court; and the testimony given by Mr. Brooke, upon his second examination, is before us. That testimony clearly proves the payment of the taxes on this mortgaged property for the years 1878 to 1884, inclusive, by Cooper, the executor of Silas Omohundro. It further proves that this payment was made after Cooper became the assignee of the mortgage and to prevent a sale of the property. Inasmuch as the mortgage in express terms provided that the mortgagors should pay these taxes, the payment of them by the holder of the

mortgage to stop a sale of the property, fully warranted the auditor in making the allowance he did in this respect. *Neale vs. Hagthrop*, 3 *Bland*, 590.

The allowance of the sum of two thousand and forty-four dollars and fifty cents, part of the mortgage debt and interest, to Richard Cooper, executor, is also correct. The testimony shows that the money was advanced by Cooper, as executor, to Colon Omohundro, and that the latter assigned the mortgage to the former, who claims it to the extent of the sum just named. This testimony is before us because not excepted to. *Ashton vs. Ashton*, 35 *Md.*, 503.

The third exception to the auditor's report was properly overruled. It objects to the said allowance to Cooper and to an allowance of the residue of the mortgage debt to Kate McC. Omohundro, (administratrix), upon the ground that the said executor, Cooper, or his agent took possession of the mortgaged property and occupied it for six years, whereby the rents and profits with which he ought to be charged, have equalled or exceeded the amount due on the mortgage. The principles governing the statement of accounts between a mortgagor and mortgagee where, on the one hand, the latter is in possession in the admitted character of mortgagee; or where, on the other hand, his possession is held adversely to the mortgagor with a denial of the right of redemption, are well defined, and have been recently recognized and applied in this Court. Where the mortgagee is in possession acknowledging his true relation to the property, the usual decree against him is for an account of what he has received, or what he might have received without his own wilful default. *Booth, et al. vs. Balto. Steam Packet Co., et al.*, 63 *Md.*, 39. But there is not the slightest evidence in this record showing that Cooper ever did enter into possession of the mortgaged premises. It is true that Colon Omohundro, whose wife was one of the owners

of the property, occupied it for several months in each year from 1881 till the sale to Evans in 1886; but he employed, at his own expense, during every winter between those years a person to protect and care for the property. He received no rents whatever from the estate, and it is not shown that he was guilty of any wilful default in not collecting any. Indeed he seems, during all that time, to have been engaged in an effort to sell the land for the payment of the mortgage debt. This possession, such as it was, was certainly not hostile to the mortgagors and was of no benefit to him-self or injury to them. There is nothing in the facts of the case to make either Cooper or Colon Omohundro accountable to the mortgagors for rents and profits during the period referred to, and the exception which is founded on an assumed liability on their part in this behalf, cannot, therefore, be sustained.

The fourth exception relies upon a release executed by Kate McC. Omohundro. This purports to be a release to the appellant of the mortgage in question. With regard to this exception it is only necessary to say, that it conclusively appears from the testimony of the appellant himself, that the deed or release here alluded to was executed by Mrs. Omohundro whilst the appellant was out of the country; that no consideration was given for it and that he, the appellant, "never considered the deed was for my (his) benefit, but for hers." In the face of these admissions he cannot be allowed to interpose, in a Court of equity, this pretended release to defeat her right as administratrix of her husband's estate, to collect that portion of the mortgage debt payable to Colon Omohundro.

The fifth exception is in these words, "and for other and various reasons apparent on the face of said report." This is vague, indefinite and exceedingly general, and no particular item is pointed out. At the argument,

however, it was claimed that an allowance made to Evans for repairs to the property after the sale to him, was improperly included in the audit, and that this objection was sufficient to raise that question. We cannot assent to this. It is just as necessary that specific exceptions should be filed to an auditor's report as to the admissibility of evidence or the competency of a witness. The section and Article of the Code already referred to, in terms, strictly prohibits this Court from passing upon an objection to an audit unless properly made in the Court below. It was clearly the intention of the Legislature to require an exact and definite statement of exceptions in the lower Court so that neither party could be taken by surprise on appeal. Under the Act of 1825, ch. 117, sec. 2, it has been held that an objection to an audit that the "exceptant is entitled to credits in addition to those given him in said account," was too general in its terms. *Calvert vs. Carter*, 18 *Md.*, 90, 111. See also *Grove vs. Todd*, 45 *Md.*, 256. The case now before us illustrates the correctness of the position that the exceptions should be distinct and specific. The auditor states in his report that this item for repairs was allowed by agreement of the parties; and upon the argument before us such an agreement (though not incorporated in the record) signed by the appellant and explicitly consenting to the allowance of this item was produced and read. Whilst we are not at liberty to consider that paper because it is not in the record, we allude to the circumstance merely to indicate that very grave injustice might be occasioned by allowing objections to be urged in this Court under such general exceptions. It is proper to observe that the learned solicitor, who prepared the appellant's brief and argued the case in this Court was not engaged in the trial of the case below, and was entirely ignorant of the existence of this

agreement until it was produced. We are of opinion that the fifth exception is too general in its terms to admit of our considering any objection raised under it in this Court.

It follows from what we have said that there is no error in the action of the Circuit Court and that its order and decree must be affirmed.

*Decree affirmed.*

(Decided 23d November, 1888.)